This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-38806**

**STATE OF NEW MEXICO ex rel.
CHILDREN, YOUTH & FAMILIES
DEPARTMENT,**

    Petitioner-Appellee,

v.

**DARYLYN C.,**

    Respondent-Appellant.

**IN THE MATTER OF AHVAEAH C.
and AVANTE C.,**

    Children.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY
William E. Parnall, District Judge**

Rebecca J. Liggett, Chief Children's Court Attorney
Santa Fe, NM
Kelly P. O'Neill, Assistant Children's Court Attorney
Albuquerque, NM

for Appellee

Law Offices of Nancy L. Simmons, P.C.
Nancy L. Simmons
Albuquerque, NM

for Appellant

Eleanor K. Bratton
Albuquerque, NM

Guardian Ad Litem

**MEMORANDUM OPINION**

**VARGAS, Judge.**

**{1}** Respondent Darylyn C. appeals from a district court judgment terminating his parental rights to his two children. We issued a calendar notice proposing to affirm. Respondent has filed a memorandum in opposition. We affirm.

**{2}** Respondent continues to challenge the sufficiency of the evidence to support the termination of his parental rights to Ahvaeah C. and Avante C. (Children). In reviewing the termination of Respondent's parental rights, "[w]e must determine whether substantial evidence supports the trial court's decision." *State ex rel. Children, Youth & Families Dep't v. Patricia H.*, 2002-NMCA-061, ¶ 22, 132 N.M. 299, 47 P.3d 859. "Substantial evidence is relevant evidence that a reasonable mind would accept as adequate to support a conclusion." *Id.* (internal quotation marks and citation omitted). "Our role is to determine whether the fact[-]finder could properly conclude that the proof requirement below was met." *Id.* In doing so, we do not reweigh the evidence or substitute our judgment for that of the district court on factual matters or on matters of credibility; rather, we view the evidence in the light most favorable to the district court's judgment in determining whether the State has met the clear and convincing standard. *See State ex rel. Children, Youth & Families Dep't v. Vanessa C.*, 2000-NMCA-025, ¶ 24, 128 N.M. 701, 997 P.2d 833.

**{3}** The district court terminated Respondent's rights on "neglect/reasonable efforts" grounds. [RP 465] In considering a neglect basis for termination, the district court determines whether Children, Youth and Families Department (CYFD), proved by clear and convincing evidence that the parent has not adjusted and will not in the foreseeable future cure the conditions that disable him or her from properly caring for the child, despite reasonable efforts from CYFD toward reunification of the family. *See State ex rel. Children, Youth & Families Dep't v. Mafin M.*, 2003-NMSC-015, ¶ 13, 133 N.M. 827, 70 P.3d 1266; *see also* NMSA 1978, § 32A-4-28(B)(2) (2005). The district court's decision to terminate parental rights focuses primarily upon " 'the physical, mental and emotional welfare and needs of the child[ren], including the likelihood of the child[ren] being adopted.'" *Vanessa C.*, 2000-NMCA-025, ¶ 23 (quoting Section 32A-4-28(A)).

**{4}** Respondent's memorandum in opposition argues that the evidence was insufficient with respect to both reasonable efforts and the foreseeable future. [MIO 4, 7] We conclude that the record and the district court's findings of fact and conclusions of law indicate that CYFD presented sufficient evidence that the underlying conditions of neglect would not change in the foreseeable future, despite its reasonable efforts. [RP 463] Specifically, Children were taken into custody in June 2016, due to the parents' drug use, untreated mental health issues, and extensive criminal histories; the parents lacked stability, were chronically homeless, and there was suspected physical abuse.

[RP 465] At the time they were taken into CYFD's care, Children were eight and nine years old, respectively. [RP 464]

{5}     In October 2016 the district court determined that Children were neglected, and Respondent was ordered to engage in and successfully complete a treatment plan. [RP 464] CYFD provided Respondent mental health services, domestic violence and substance abuse counseling, parenting classes, drug testing, and visits. [RP 466; DS 4-5] The underlying conditions of neglect did not change despite these services. Although Respondent points out that poverty should not, in itself, serve as the basis for termination [MIO 5], here the district court's ruling was not based solely on poverty status. Respondent was inconsistent in his participation, only belatedly completing some of the services offered. [RP 466] Respondent did not maintain consistent contact and did not obtain housing that would be suitable for Children. [RP 466] Importantly, Respondent refused to submit to drug testing. [MIO 3] There was also testimony that his drug use continued on a daily basis; although Respondent argues that these witnesses were biased and should not have been believed [MIO 8], this credibility determination was a matter for the fact-finder to resolve. *See Skeen v. Boyles*, 2009-NMCA-080, ¶ 37, 146 N.M. 627, 213 P.3d 531 (stating that, when the district court hears conflicting evidence, "we defer to its determinations of ultimate fact, given that we lack opportunity to observe demeanor, and we cannot weigh the credibility of live witnesses"). Finally, the district court determined that Children were adoptable and with foster parents who wished to adopt them, and that termination would be in their best interests. [RP 466]

{6}     Given the above, there were sufficient grounds to terminate Respondent's rights at this time. *See In re Termination of Parental Rights of Reuben & Elizabeth O.*, 1986-NMCA-031, ¶ 30, 104 N.M. 644, 725 P.2d 844 (interpreting the term "foreseeable future" to refer to corrective change within a "reasonably definite time or within the near future").

{7}     For the reasons set forth above, affirm.

{8}     **IT IS SO ORDERED.**

**JULIE J. VARGAS, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**ZACHARY A. IVES, Judge**